## OHIO STATE STUDENTS TRAILER PARK COOPERATIVE, Inc., Plaintiff-Appellant, v. COUNTY OF FRANKLIN, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 4937.   Decided August 14, 1953.

P. L. Thornbury, Columbus, for plaintiff-appellant.

Frank H. Kearns, Pros. Atty., Paul W. Martin, Asst. Pros. Atty., Columbus, for defendant-appellee.

### OPINION

By THE COURT.

Submitted on motion of the defendant-appellee seeking an order dismissing the appeal for the reason and upon the ground that appellant has no right to the same.  The appeal is from a judgment of the Common Pleas Court affirming an order of the Franklin County Rural Zoning Board of Appeals which denied the appellant a nonconforming use permit to operate a trailer park upon certain property belonging to the appellant.

It is clear the appeal was properly instituted in the Court of Common Pleas for §3180-14 GC provides:

"Any party adversely affected by a decision of a County Board of Zoning Appeals may appeal to the Court of Common Pleas of such county on the ground that such decision was unreasonable or unlawful."

But the appellee urges that no right of appeal exists under the common law and that such right exists only by virtue of the constitution or statutes.  Citing **Minis, et al., v. Hamilton County Board of Zoning Appeals, 89 Oh Ap 289.**

It urges further that §3180-14 GC makes no provision for an appeal from the Common Pleas Court to the Court of Appeals and therefore the decision of the Common Pleas Court must be final. The cited case is not parallel with the facts in the case at bar in that there the appellant was a Board of Zoning Appeals while here the aggrieved party is the owner of the real property for which the order is sought. The decision of the Court appears to be grounded upon the fact that neither the Board nor any of its members as such should be considered as persons "aggrieved" or "affected by any decision" of the administrative board. There can be no question but that under the facts here presented the appellant is an "aggrieved" party. The same legal principles as set forth in the cited case are also pronounced in **DiCillo & Sons v. Chester Zoning Board of Appeals, 158 Oh St 302.** The statutory jurisdiction of this court to entertain appeals from judgments of the Common Pleas Court is found in **§12223-27 GC,** to wit:

"A judgment rendered or final order made by a Court of Common Pleas * * * may be reversed, vacated or modified upon an appeal on questions of law by the Court of Appeals having jurisdiction in the county wherein the Common Pleas or other court of record is located, for errors appearing on the record."

We are of the opinion that since the appellant properly instituted the appeal in the Common Pleas Court it is authorized under the above cited section of the General Code to prosecute an appeal to this Court.

The motion will be overruled.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

No. 4937. Decided October 9, 1953.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court affirming the order of the Franklin County Board of Zoning. Appeals which found that there was no preexisting nonconforming use of the land in question prior to the effective date of the zoning resolution. Judge Gessaman, in a well-considered opinion, held that a mere contemplated use of land prior to the effective date of the resolution, is not sufficient to warrant a nonconforming use; that in order to maintain a non-conforming use contra to such regulation, such use must have been actual prior to the adoption of the regulation.

He also properly held that the appellee is not estopped to plead the statute of limitations for the reason that the parties to this proceeding are not the same as were in the injunction action.

The judgment will be affirmed upon the opinion of the trial Court.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.